UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80907-RLR

CHANON MILLER,

    Plaintiff,

v.

RIC BRADSHAW, in his official capacity as
Palm Beach County Sheriff;
JUAN F. RAMIREZ, in his individual capacity;
STEVEN L. MURRAY, in his individual capacity;
DANIEL S. FELLOWS, in his individual capacity;
IRA S. PESKOWITZ, in his individual capacity;
BRISA LANDA, in her individual capacity; and
NICOLE A. BITNER, in her individual capacity,

    Defendants.
_____/

## ORDER REQUIRING ADDITIONAL BRIEFING ON DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [DE 30] the Plaintiff's Amended Complaint [DE 15] and upon the resolution of the Defendants' Interlocutory Appeal. DE 45; *Miller v. Palm Beach Cnty. Sheriff's Off.*, No. 23-13753, 2025 WL 631192, at *3 (11th Cir. Feb. 27, 2025).

The Court first reviews the relevant background to this case. Plaintiff Chanon Miller alleges in her Amended Complaint that her Fourth Amendment rights were violated when deputy sheriffs from the Palm Beach County Sheriff's Office caused her false arrest, false imprisonment, and malicious prosecution. *See* DE 15. The incidents at issue arose from the Plaintiff's 911 calls concerning domestic disputes with her ex-boyfriend. *Id.* The Plaintiff's Amended Complaint attached fourteen exhibits, including photographs of the Plaintiff's injuries, transcripts of the Plaintiff's two 911 calls, and the officers' offense incident reports. *See* DE 15.

In response, Defendant Ric Bradshaw in his official capacity as Palm Beach County Sheriff filed an answer and affirmative defenses. DE 24. The remaining Defendants, sued in their individual capacities ("Deputy Defendants"), moved to dismiss based on the defense of qualified immunity. DE 30. The Deputy Defendants argued that "given the exhibits attached to the operative Complaint, the Plaintiff has failed to overcome the defense of qualified immunity," *id.* at 8, because the exhibits "demonstrate that there was at least arguable probable cause for Plaintiff's arrest," *id.* at 10.

After the Court concluded that the Defendants' fact-intensive arguments were better suited for summary judgment, the Deputy Defendants filed an interlocutory appeal. The Eleventh Circuit vacated the Court's order denying the Deputy Defendants' motion to dismiss and remanded with instructions to rule on the Deputy Defendants' entitlement to qualified immunity. *Miller*, 2025 WL 631192, at *3; *Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994) (requiring that the issue of qualified immunity be resolved "at the earliest possible stage in litigation").

Problematically, the Deputy Defendants have premised their defense of qualified immunity not on the text of the allegations in the Amended Complaint, but instead on exhibits that are attached to the Amended Complaint. DE 30 at 8. "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir.2007) (citing *Simmons v. Peavy–Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.")). When "a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (quoting *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir.2002)).

2

Here, the Court is uncertain whether the attachments "negate[] the claim" because (i) the attachments are not strictly necessary for the Plaintiff to state a claim for false arrest[1] and (ii) it is difficult for the Court to link concrete statements in the attachments to concrete allegations in the Amended Complaint.[2] To assist the Court with this difficulty and to enable the Court to analyze the Deputy Defendants' defense of qualified immunity with "sufficient explanation[ ]" to allow a reviewing court to "engage in meaningful appellate review," *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007), the Court requires additional briefing. The briefing will assist the Court in comparing the attachments to the Amended Complaint with the allegations in the Amended Complaint. Before the Court undertakes this review, however, the Court makes one final point about future amendments to the Amended Complaint.

Ordinarily, leave to amend is to be "freely given" to plaintiffs. Fed. R. Civ. P. 15(a)(2). Here, because the attachments are not strictly necessary for the Plaintiff to state a legally sufficient claim, even if the Defendants were to prevail on their motion to dismiss, the Court would afford

---

[1] Plaintiffs often allege false arrest without attaching police reports and transcripts to their complaint, and many succeed in stating a legally sufficient claim.

[2] Defendants argue that "[b]ecause the officers' police reports attached to the Amended Complaint refute Miller's conclusory and speculative allegations about what the officers saw or did, the Court need not credit Miller's allegations." DE 30 at 5.

It is not clear, however, which allegations are refuted by the attachments and should therefore be discredited. For example, the Plaintiff alleges that when the Deputy Defendants responded to the scene on January 8, 2022, her ex-boyfriend "misled the responding deputies into believing that he was the one who called the police earlier." DE 15 ¶ 102. The Plaintiff alleges that she "explained her history with [her ex-boyfriend], his past abuse, her intentions to leave him, and his physical battering of her on that day, and she offered them corroboration via photos of the vandalism and screen shots of the text messages. She also pointed out her physical injuries . . . ." *Id.* ¶ 101.

To compare, in the attached offense report for Case No. 22023535, Deputy Ramirez's report details the Plaintiff's ex-boyfriend's version of the events and states only briefly that the Plaintiff "provided a statement of what occurred between [her ex-boyfriend] and herself in her own words." DE 15-12 at 2–3. The police report is not incompatible with the Plaintiff's allegations—the facts in the report do not negate the Plaintiff's allegations about what the officers saw or did such that Plaintiff's allegations must be discredited, and the Court does not act as a factfinder and make such credibility determinations on a motion to dismiss. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1312 (11th Cir. 2012) (holding that in considering a motion to dismiss, the Court construes the allegations in a light most favorable to the plaintiffs); *see also Saunders v. Duke*, 766 F.3d 1262, 1270–71 (2014) (explaining that "[w]here a civil rights plaintiff attaches a police report to his complaint and alleges that it is false, . . . the contents of the report cannot be considered as true for purposes of ruling on a motion to dismiss").

3

the Plaintiff the opportunity to amend. The Court would grant the Plaintiff that opportunity because leave to amend is ordinarily denied only when further amendment would be futile. *E.g., Forman v. Davis*, 371 U.S. 178, 182 (1962). Here, further amendment would not be futile because the Plaintiff could cure the Defendants' basis for dismissal—that is, the content of the attachments—by removing the attachments from her Amended Complaint. Indeed, because the Plaintiff's original Complaint survived a motion to dismiss (and the Defendants did not appeal) in part by not including the current attachments, the Court previously anticipated that even if the Defendants prevailed on the current motion to dismiss, the Plaintiff, as master of the pleadings, could simply remove the attachments.[3] *See* DE 14. In such a situation the Court would likely have to adjudicate the legal sufficiency of the Plaintiff's claims again *without* the attachments to the Amended Complaint. In the interest of judicial efficiency, the Court believes that the legal sufficiency of the Plaintiff's pleading should be adjudicated once more, not twice more. To ensure that the legal sufficiency of the Plaintiff's pleading is adjudicated with finality, the Court will grant the Plaintiff leave to amend now, should the Plaintiff elect to do so. Accordingly, it is **ORDERED** as follows:

By **March 28, 2025**, the Plaintiff shall file either (i) a notice that the Plaintiff stands by the Amended Complaint, together with its attachments, and that the Plaintiff will not in the future seek leave to amend to remove the attachments that form the basis of the Defendants' motion to dismiss; or (ii) a motion for leave to amend the Amended Complaint, with the understanding that this will likely be the final opportunity for the Plaintiff to amend her pleading.

---

[3] Because the Plaintiff can simply remove the attachments from a pleading, it is likely that the only way the Defendants can obtain a final ruling on the attachments to establish qualified immunity is through a motion for summary judgment. This is what the Court was referring to in its prior Order when it stated that these matters were "more appropriately resolved at the summary judgment" stage of the proceedings. DE 34.

It is further **ORDERED** that the Clerk of the Court shall **LIFT** the stay on this case and mark the case as **OPEN**. In the event the Plaintiff files a notice that she is standing by her Amended Complaint, as drafted and with all attachments, the Defendants shall file a notice (no more than ten pages) that enumerates which of Plaintiff's relevant allegations in her Amended Complaint are "contradict[ed]" or "negate[d]" by the attachments to the Amended Complaint. *Griffin Industries*, 496 F.3d at 1206; *Thompson*, 300 F.3d at 754. The notice shall be filed by **April 11, 2025**. The Plaintiff shall then file a response to the notice (also no more than ten pages) by **April 25, 2025**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of March, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE